IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:23-CV-1448 |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **AND JURY TRIAL DEMAND** |
| GMRI, INC. ) d/b/a OLIVE GARDEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 ("the ADA"), as amended by the ADA Amendments Act of 2008, Pub. L. 110-325, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Charging Party Jarrell Murray-Sinicki who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 1 through 51 below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant GMRI, Inc. (d/b/a Olive Garden) ("Defendant") subjected Mr. Murray-Sinicki to unlawful discrimination on the basis of his actual disability and because it regarded him as disabled, to an unlawful pre-offer disability-related inquiry, and to denial of hire because of information learned from the unlawful pre-offer disability-related inquiry.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and

pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3.    The Commission is the Agency of the United States of America charged with the

administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized

to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by

reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant, a Florida corporation, has continuously been doing

business in the State of Pennsylvania and the borough of Tarentum, Pennsylvania, and has

continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section

101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and

(h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    During calendar years 2020 and 2021, Defendant continuously employed more than

500 employees.

7.    At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8.    More than thirty days prior to the institution of this lawsuit, Mr. Murray-Sinicki

filed a charge of discrimination with the Commission alleging violations of the ADA by

Defendant.

9.      On August 15, 2022, the Commission issued to Defendant an administrative

Determination finding reasonable cause to believe that Defendant violated the ADA and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to

eliminate the discriminatory practices and provide appropriate relief.

10.     The Commission engaged in communications with Defendant to provide Defendant

the opportunity to remedy the discriminatory practices described in the administrative

Determination.

11.     The Commission was unable to secure from Defendant a conciliation agreement

acceptable to the Commission.

12.     On September 28, 2022, the Commission issued to Defendant a Notice of Failure

of Conciliation.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

14.     Since at least September 2021, Defendant has engaged in unlawful employment

practices at its Tarentum, Pennsylvania Olive Garden facility (the "Pittsburgh Mills" location) in

violation of Sections 102(a), 102(b)(1), and 102(d)(1), (d)(2)(A) of the ADA, 42 U.S.C. §§

12112(a), (b)(1), (d)(1), (d)(2)(A).

15.     At all relevant times, Mr. Murray-Sinicki was a person with a disability under

Section 3(1) of the ADA, 42 U.S.C. § 12102(1).

16.     At all relevant times since at least approximately 2014, Mr. Murray-Sinicki has had

a physical impairment, ataxia and its resulting manifestations and symptoms, that substantially

limits his major bodily functions of neurological, brain, and musculoskeletal functions.

17.     At all relevant times since at least September 2021, Mr. Murray-Sinicki utilized a

cane to assist him in walking and standing as a consequence of his ataxia.

18.     At all relevant times since at least approximately 2016, Mr. Murray-Sinicki, in his unmitigated state, without his use of the cane, another assistive device, or medical treatment, is substantially limited in walking and standing.

19.     At all relevant times, Mr. Murray-Sinicki had an actual or perceived physical impairment, ataxia and resulting manifestations and symptoms, that was non-minor and far longer than six (6) months in duration, and Defendant regarded him as having a disability.

20.     At all relevant times, Mr. Murray-Sinicki was qualified to perform all essential functions of Defendant's Busser position, with or without reasonable accommodation.

21.     At all relevant times, Defendant and its personnel, including but not limited to General Manager Tyler Wolfe, possessed actual knowledge of Mr. Murray-Sinicki's physical impairment by observing Mr. Murray-Sinicki's use of the cane to assist him in walking and standing, his observations of the manifestations and symptoms of his ataxia, and through his questioning of Mr. Murray-Sinicki about the nature and extent of his disability.

**Count I: Denial of Hire on the Basis of Disability**
**42 U.S.C. §§ 12112(a), (b)(1)**

22.     On or around September 2, 2021, Mr. Murray-Sinicki applied for a Busser position at Defendant's Pittsburgh Mills Olive Garden location. Thereafter, Defendant issued to Mr. Murray-Sinicki an automated email inviting him for an interview.

23.     On or around September 6, 2021, Mr. Murray-Sinicki attended an interview with Assistant Manager Jessica Cortileso at Defendant's Pittsburgh Mills Olive Garden location. Mr. Murray-Sinicki had his cane with him when he attended the interview.

24.     At all relevant times, Defendant's hiring process for the Busser position at the Pittsburgh Mills Olive Garden location calls for an assistant manager to perform an initial

interview of the applicant, and if the assistant manager recommends the applicant for hire, the assistant manager then refers the applicant for a second interview with General Manager Wolfe.

25.     Assistant Manager Cortileso determined that Mr. Murray-Sinicki was qualified for the Busser position and recommended him for hire by referring him for a second interview with General Manager Wolfe.

26.     Assistant Manager Cortileso told Mr. Murray-Sinicki that she was referring him for a second interview with General Manager Wolfe.

27.     Assistant Manager Cortileso referred Mr. Murray-Sinicki for the second interview because she believed he would have made a good busser and because she knew that the Pittsburgh Mills Olive Garden location needed a busser at the time.

28.     On or around September 17, 2021, Mr. Murray-Sinicki attended an interview with General Manager Wolfe at Defendant's Pittsburgh Mills Olive Garden location. Mr. Murray-Sinicki had his cane with him when he attended the interview.

29.     During his interview, General Manager Wolfe asked Mr. Murray-Sinicki questions about his disability and his use of the cane, including but not limited to:

     a)  What was "wrong with" him;

     b)  How long had he used the cane;

     c)  If he would always use the cane in the future; and

     d)  How "bad" his disorder was.

30.     Mr. Murray-Sinicki answered General Manager Wolfe's questions, providing Wolfe with information about the nature and extent of his disability.

31.     General Manager Wolfe ended the interview immediately thereafter.

32.     Thereafter, General Manager Wolfe decided not to hire Mr. Murray-Sinicki for the Busser position.

33.     General Manager Wolfe decided not to hire Mr. Murray-Sinicki for the Busser position because of his knowledge of Mr. Murray-Sinicki's physical impairment, resulting limitations, and mitigating measure (i.e., use of a cane) for that disability.

34.     On or around September 27, 2021, Defendant issued to Mr. Murray-Sinicki an automated email notifying him that he was not selected for the Busser position.

35.     Defendant continued soliciting applications for the Busser position after it denied employment to Mr. Murray-Sinicki.

36.     On or around November 10, 2021, Defendant subsequently hired at least two persons for the Busser position at the Pittsburgh Mills Olive Garden location.

37.     Mr. Murray-Sinicki was qualified for the Busser position.

38.     Defendant failed to hire Mr. Murray-Sinicki for the Busser position because of his disability, ataxia, and because it regarded him as disabled.

39.     The unlawful employment practices complained of in Paragraphs 14 through 38, above, were intentional.

40.     The unlawful employment practices complained of in Paragraphs 14 through 38, above, were done with malice or with reckless indifference to the federally protected rights of Mr. Murray-Sinicki.

## Count II: Unlawful Disability-Related Inquiry
## 42 U.S.C. §§ 12112(d)(1), (d)(2)(A)

41.     The Commission incorporates by reference the factual allegations set forth in Paragraphs 1 through 40 above.

42.     General Manager Wolfe's questions about Mr. Murray-Sinicki's physical impairment and his use of the cane were likely to, and in fact did, elicit information about Mr. Murray-Sinicki's disability.

43.    At no time, either before or after General Manager Wolfe's questions, did Defendant make an offer of employment to Mr. Murray-Sinicki.

44.    Defendant subjected Mr. Murray-Sinicki to an unlawful pre-employment disability-related inquiry.

45.    The unlawful employment practices complained of in Paragraphs 14 through 44, above, were intentional.

46.    The unlawful employment practices complained of in Paragraphs 14 through 44, above, were done with malice or with reckless indifference to the federally protected rights of Mr. Murray-Sinicki.

## Count III: Denial of Hire Caused By Unlawful Disability-Related Inquiry
## 42 U.S.C. §§ 12112(d)(1), (d)(2)(A)

47.    The Commission incorporates by reference the factual allegations set forth in Paragraphs 1 through 46 above.

48.    General Manager Wolfe declined to hire Mr. Murray-Sinicki because of the information he learned as a result of the questions that he asked Mr. Murray-Sinicki about Mr. Murray-Sinicki's physical impairment and use of the cane as a mitigating measure.

49.    Defendant subjected Mr. Murray-Sinicki to denial of hire because of information learned from an unlawful pre-employment disability-related inquiry.

50.    The unlawful employment practices complained of in Paragraphs 14 through 49, above, were intentional.

51.    The unlawful employment practices complained of in Paragraphs 14 through 49, above, were done with malice or with reckless indifference to the federally protected rights of Mr. Murray-Sinicki.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination by failing to hire individuals with disabilities on the basis of their disability and by subjecting applicants to unlawful pre-offer disability-related inquiry.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past unlawful employment practices, including but not limited to, an injunction mandating procedures and employee training regarding ADA requirements.

C.     Order Defendant to make whole Jarrell Murray-Sinicki by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement and front pay.

D.     Order Defendant to make whole Jarrell Murray-Sinicki by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14 through 51 above, in amounts to be determined at trial.

E.     Order Defendant to make whole Jarrell Murray-Sinicki by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 14 through 51 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay to Jarrell Murray-Sinicki punitive damages for malicious and reckless conduct, as described in Paragraphs 14 through 51 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

LISA MORELLI
ACTING ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*Debra M. Lawrence* by DA per authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

*Ronald L. Phillips* by DA per authorization

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
Ohio Bar No. 0070263
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

(410) 801-6714
(410) 992-7880 (facsimile)
ronald.phillips@eeoc.gov


DELANEY E. ANDERSON
TRIAL ATTORNEY
Maryland Bar No. 2112140015
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6742
(410) 992-7880 (facsimile)
delaney.anderson@eeoc.gov