**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br>v.<br>GMRI, INC. d/b/a OLIVE GARDEN,<br>Defendant. | Civil Action No. 2:23-cv-01448-NR |

**DEFENDANT'S ANSWER AND**
**<u>ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant GMRI, Inc. d/b/a Olive Garden, through its undersigned counsel, files this Answer and Additional Defenses to the U.S. Equal Employment Opportunity Commission's Complaint. Unless specifically admitted herein, Defendant denies each factual averment of the Complaint.

**ANSWER**

1. The averments in Paragraph 1 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction over this action, but denies the remaining averments in Paragraph 1.

2. The averments in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court, but denies the remaining averments in Paragraph 2.

3. The averments in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments in Paragraph 3.

4. Defendant admits that it is a Florida corporation that has done business in Pennsylvania and specifically, Tarentum, Pennsylvania, with at least fifteen (15) employees, at the

time Plaintiff applied to and was rejected from a busser position. Defendant denies the remaining averments in Paragraph 4.

5. Defendant admits that it is an employer in an industry affecting commerce and that it is covered by Title I of the ADA. The remaining averments in Paragraph 5 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining averments in Paragraph 5.

6. Admitted.

7. The averments contained in Paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits the averments in Paragraph 7.

8. Defendant admits that more than thirty days prior to the initiation of this lawsuit, Jarrell Murray-Sinicki filed a Charge with the Commission, in which he alleged Olive Garden violated the ADA, but denies the remaining averments in Paragraph 8.

9. Defendant admits that on or about August 15, 2022, the Commission issued an administrative Determination, setting forth a cause finding with respect to Mr. Murray-Sinicki's EEOC Charge against Olive Garden, stating that "the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation." Defendant denies the remaining averments in Paragraph 9.

10. Defendant admits that the Commission communicated with Olive Garden following the issuance of its Determination, but denies the remaining averments in Paragraph 10.

11. Defendant admits that Olive Garden did not reach a conciliation agreement with the Commission, but denies the remaining averments in Paragraph 11.

12. Defendant admits that on or about September 28, 2022, the EEOC sent a letter to Olive Garden notifying Olive Garden of its determination that efforts to conciliate the Charge have been unsuccessful, but denies the remaining averments in Paragraph 12.

13. Denied.

14. Denied.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15, and therefore denies those averments.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16, and therefore denies those averments.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17, and therefore denies those averments.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 18, and therefore denies those averments.

19. Defendant denies it regarded Mr. Murray-Sinicki as having a disability. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 19, and therefore denies those averments.

20. Denied.

21. Defendant admits its General Manager, Tyler Wolfe, was aware of Mr. Murray-Sinicki's use of a cane because Mr. Murray-Sinicki disclosed his use of a cane, but denies the remaining allegations in Paragraph 21.

## Count I

22. Defendant admits that in approximately early September 2021, Mr. Murray-Sinicki applied for a Busser position at Defendant's Pittsburgh Mills Olive Garden location, and that

Defendant thereafter issued an automated email to Mr. Murray-Sinicki, inviting him for an interview. Defendant denies the remaining averments in Paragraph 22.

23. Defendant admits that in approximately early September 2021, then Assistant Manager for the Pittsburgh Mills Olive Garden, Jessica Cortileso, interviewed Mr. Murray-Sinicki. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 23, and therefore denies those averments.

24. Denied.

25. Defendant admits that Assistant Manager Cortileso referred Mr. Murray-Sinicki for a second interview with General Manager Wolfe, but denies the remaining averments in Paragraph 25.

26. Upon information and belief, admitted.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 27, and therefore denies those averments.

28. Defendant admits that in approximately mid-September 2017, General Manager Wolfe interviewed Mr. Murray-Sinicki at the Pittsburgh Mills Olive Garden, and further admits that Mr. Murray-Sinicki had his cane near him when he attended the interview, but denies the remaining averments in Paragraph 28.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits that after Mr. Murray-Sinicki's second interview, General Manager Wolfe decided not to hire Mr. Murray-Sinicki for the Busser position, but denies the remaining averments in Paragraph 32.

33. Denied.

34. Defendant admits that in approximately September 2021, it issued to Mr. Murray-Sinicki an automated email notifying him that he was not selected for the Busser position, but denies the remaining averments in Paragraph 34.

35. Denied. By way of further response, job postings for all positions at all locations of Defendant, including the Pittsburgh Mills Olive Garden location, remain active at all times.

36. Defendant admits it hired two individuals as Bussers at the Pittsburgh Mills Olive Garden location in November 2021, but denies the remaining averments in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

Count II

41. Defendant incorporates its responses to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Denied.

43. Defendant admits that it did not make an offer of employment to Mr. Murray-Sinicki, but denies the remaining averments in Paragraph 43.

44. Denied.

45. Denied.

46. Denied.

Count III

47. Defendant incorporates its responses to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. Defendant admits that it did not hire Mr. Murray-Sinicki, but denies the remaining averments in Paragraph 48.

49. Denied.

50. Denied.

51. Denied.

**ADDITIONAL DEFENSES**

1. The Commission's Complaint fails to state a claim upon which relief can be granted.

2. The Commission's claims are barred, in whole or in part, to the extent Mr. Murray-Sinicki has failed to exhaust his administrative remedies.

3. Defendant's actions regarding Mr. Murray-Sinicki were, at all times, taken for legitimate, non-discriminatory reasons.

4. Any pre-employment inquiry with respect to Mr. Murray-Sinicki was made into only Mr. Murray-Sinicki's ability to perform job-related functions.

5. Defendant at all times acted reasonably and in good faith.

6. Even if Defendant's actions had been motivated by Mr. Murray-Sinicki's alleged disability, which Defendant denies, Defendant would have taken all of the same actions with respect to Mr. Murray-Sinicki's employment regardless of his alleged disability.

7. Any alleged unlawful acts by Defendant's management would have been contrary to Defendant's good faith efforts to comply with the law.

8. Defendant maintained policies prohibiting discrimination, harassment, and retaliation. Any alleged unlawful conduct taken against Mr. Murray-Sinicki would have been in violation of those policies and would have been taken without Defendant's knowledge or consent.

9. Defendant is entitled to offset any damages to which the Commission is entitled by actual income Mr. Murray-Sinicki has received or to the extent Mr. Murray-Sinicki otherwise failed to mitigate his damages or was the cause of his alleged injuries.

10. The Commission's Complaint is barred because the Commission has failed to fulfill the administrative prerequisite of engaging in good faith conciliation prior to filing suit.

11. The Commission's claims are subject to the cap on damages set forth in 42 U.S.C. § 1981a.

WHEREFORE, Defendant respectfully requests that the Commission's Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against the Commission; and that the Court award such other relief as it deems appropriate.

Dated: October 16, 2023

Respectfully submitted,

*/s/ Emilie R. Hammerstein*

Theodore A. Schroeder, Bar No. 80559
tschroeder@littler.com
Emilie R. Hammerstein, Bar No. 307499
ehammerstein@littler.com
Taylor N. Brailey, Bar No. 324308
tbrailey@littler.com

LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: 412.201.7624 / 7631 / 7657
Facsimile: 412.774.1959

*Attorneys for Defendant*
*GMRI, Inc. d/b/a Olive Garden*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October 2023 a true and correct copy of the foregoing Defendant's Answer and Additional Defenses to Plaintiff's Complaint was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Gwendolyn Young Reams
Acting General Counsel
Christopher Lage
Deputy General Counsel
Lisa Morelli
Acting Associate General Counsel
Debra M. Lawrence
Regional Attorney
Ronald L. Phillips
Assistant Regional Attorney
Ronald.phillips@eeoc.gov
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

Delaney E. Anderson
Trial Attorney
Delaney.anderson@eeoc.gov
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

By: *__/s/ Emilie R. Hammerstein________*