**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 2:23-cv-01448-NR** |
| **v.** ) | **Honorable J. Nicholas Ranjan** |
| ) | |
| **GMRI, INC. d/b/a OLIVE GARDEN,** ) ) | |
| **Defendant.** ) ) | |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted this action alleging that Defendant GMRI, Inc. d/b/a Olive Garden subjected Charging Party Jarrell Murray-Sinicki to unlawful discrimination on the basis of disability and to unlawful disability-related inquiries and resulting denial of employment in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Defendant denies the Commission's allegations, and there has been no adjudication of the ADA liability issues in this action.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims set forth in the Complaint filed by the Commission in the above-styled and numbered action.

## FINDINGS

Having carefully examined the provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A.      This Court has jurisdiction of the subject matter of this action and of the parties;

1

B.      The terms of this Decree are adequate, fair, reasonable, equitable, and just and are in the best interests of the parties, Charging Party Jarrell Murray-Sinicki, and the public; and

C.      This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**<u>DEFINITIONS</u>**

A.      The terms *complaint* or *complaints* shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures, made by any means of communication, regarding potential discrimination or harassment (including but not limited to disability discrimination) committed by any employee, officer, director, owner, or customer of Defendant.

B.      The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

C.      The term *employee* shall be construed in accordance with controlling caselaw defining the meaning of the terms *employer* and *employee* under Title VII. The term *employee* shall specifically include all full-time, part-time, probationary, casual, seasonal, temporary, and permanent employees of Defendant.

D.      The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

E.      The term *physical or mental impairment* shall mean any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as

2

neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or any mental or psychological disorder, such as an intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

## <u>NON-DISCRIMINATION</u>

1.      Defendant, its owners, officers, directors, agents, successors, assigns, and all persons acting in concert with them, shall not unlawfully discriminate against any job applicant on the basis of disability in hiring, including denying employment to any job applicant on the basis of an actual disability, history of such disability, or any non-minor or non-transitory physical or mental impairment where such disability or impairment does not pose a direct threat while performing the job at issue and does not prevent the job applicant from performing the essential functions of the job at issue with or without reasonable accommodation.

2.      Defendant, its owners, officers, directors, agents, successors, assigns, and all persons acting in concert with them, shall not make any disability-related inquiries or require medical examinations of job applicants prior to a bona fide conditional offer of employment or take any adverse employment action against a job applicant because of information obtained through such prohibited disability-related inquiries or medical examinations or because a job applicant failed to comply with any such prohibited disability-related inquiries or medical examinations; provided, however, that nothing in this paragraph shall prohibit inquiry into whether any job applicant is able to perform the essential functions of the job, with or without accommodation.

## CHARGING PARTY MONETARY RELIEF

3.    Within twenty-one (21) days of the Effective Date, Defendant shall pay monetary relief to Jarrell Murray-Sinicki in the total amount of thirty thousand dollars ($30,000.00), of which eight thousand dollars ($8000.00) shall constitute back pay (wages) and twenty-two thousand dollars ($22,000.00) shall constitute compensatory damages for emotional distress.

4.    Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Mr. Murray-Sinicki as back pay. Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the amount payable to Mr. Murray-Sinicki as compensatory damages for emotional distress.

5.    Payment to Mr. Murray-Sinicki shall be completed using two checks: one check for the amount constituting back pay (less applicable federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages. Defendant will deliver the two checks for monetary relief payable to "Jarrell Murray-Sinicki" via certified U.S. mail (with a return receipt requested) or express overnight delivery to Mr. Murray-Sinicki at an address to be provided by the Commission. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made. Within five (5) days of the date of delivery of the two checks to Mr. Murray-Sinicki, Defendant will transmit to the Commission photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

6.    In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 5, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and

then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

7.    At the time that such tax documents are issued to other persons, Defendant shall issue to Mr. Murray-Sinicki an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

8.    Resolution of this case pursuant to this Decree is not conditioned on Mr. Murray-Sinicki waiving or releasing any claims or rights other than the ADA claims that the Commission has pleaded in its Complaint (ECF No. 1) in the above-styled and numbered action.

## ADA TRAINING

9.    Defendant shall identify one or more qualified trainer(s) to provide, at its own expense, certain Defendant personnel (identified in Paragraph 10, below) with not less than one (1) hour of training regarding the following ADA subject matter:

a.    The prohibition of discrimination on the basis of disability;

b.    The prohibitions of disability-related inquiries and medical examinations set forth in 42 U.S.C. § 12112(d);

c.    The legal standards for determining whether an individual is qualified to perform essential job functions, including the standards for determining "essential functions," as well as the types of information and expertise used in such determinations;

d.    The legal standards for conducting analysis of direct threat, as well as the types of information and expertise used in such analysis;

e.    The legal standards governing the duty to provide reasonable accommodations and the interactive process of identifying and providing such

accommodation;

      f.     An employer's responsibility to conduct individualized assessments of disability, direct threat, ability to perform essential functions, and reasonable accommodation; and

      g.     Defendant's policies and procedures regarding the foregoing subjects, and best practices regarding the foregoing subjects.

10.  The training required by Paragraph 9, above, shall be provided to Tyler Wolfe and to all other Defendant employees whose job duties include decision-making concerning job applicants, conducting interviews, making job offers, making hiring decisions, assessing whether a job applicant or employee is able to perform essential job functions or constitutes a direct threat, or receiving or making decisions concerning reasonable accommodation, and who are assigned to, or who possess authority concerning, the restaurant located at 1010 Pittsburgh Mills Boulevard, Tarentum, Pennsylvania 15084.

11.  The training specified in Paragraphs 9 and 10, above, shall be provided within ninety (90) days of the Effective Date, and within sixty (60) days of the start of employment for all new hires in the positions identified in Paragraph 10.

12.  The initial training session required by Paragraphs 9 and 10, above, shall be presented to attendees live, though remote means of presentation may be used in lieu of in-person attendance. Subsequent training sessions may be presented by re-playing a video recording of the initial training session, provided that attendees are given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training.

13.   The Commission must be notified in writing of the identity and qualifications of the trainer(s) for the first training session required by Paragraphs 9 and 10, above, all content of such training (including non-privileged training manuals and handout materials), method of presentation, and length of training course(s) at least thirty (30) days before presentation of such training session. Within thirty (30) days after the first training session required by Paragraphs 9 and 10, above, Defendant shall provide to the Commission the name and job title of each attendee, the name and title of each employee who is required by this Decree to attend the training but did not attend, and the reason(s) for any failure to attend the training.

## **REPORTS TO THE COMMISSION**

14.   Within six (6) months of the Effective Date, and each six (6) months thereafter, Defendant shall submit a written report to the Commission listing information regarding each job applicant or employee who was not hired for employment or was otherwise excluded or disqualified from a job during the preceding six-month period on the basis of a physical or mental impairment. For any reporting period for which Defendant did not deny employment or otherwise exclude or disqualify a job applicant or employee from a job during the preceding six-month period on the basis of a physical or mental impairment, Defendant shall, consistent with this provision, submit a report, accompanied by a verified report of Defendant (via their counsel of record), stating that there is no responsive information for the preceding period.

15.   Each report required by Paragraph 14, above, shall list the following information: (a) the full name, last known residence address, and last known telephone number of the job applicant or employee; (b) the job for which the job applicant or employee was not hired or from which such individual was otherwise excluded or disqualified; (c) the specific physical or mental impairment that was the basis for the non-hiring or exclusion/disqualification; (d) the date of decision not to

7

hire or to exclude/disqualify the job applicant or employee; (e) a particularized description of the reasons Defendant did not hire or excluded or disqualified the job applicant or employee, including all facts forming the basis for Defendant's conclusion that such individual could not perform the essential functions of the job at issue and/or posed a direct threat in the job at issue; (f) a summary description of any reasonable accommodations considered and rejected by Defendant; (g) the name and job title of the individual(s) who made the decision not to hire or to exclude or disqualify the job applicant or employee; and (h) all information and documents obtained from any source concerning the job applicant's or employee's physical or mental impairment and/or ability to perform the job at issue, the functions of job at issue, and/or the decision or proposed decision not to hire or otherwise to exclude or disqualify the job applicant or employee.

16.   Defendant shall submit, through its counsel, written reports to the Commission regarding any and all written charges, complaints, or reports (i.e., internal or made to government agency or court), or verbal reports to Defendant's Employee Relations or the Ethics Hotline, of alleged disability discrimination and any action taken by Defendant in response to the charges, complaints, or reports, as well as all documentation related to the allegations, investigation, and disposition of the charge, complaint, or report. Defendant's report to the Commission, through its counsel, must be sent to the Commission's counsel of record in this action as part of the report(s) required by Paragraph 14. Such reports must be updated and sent to the Commission's counsel during each report thereafter until final action is taken by Defendant on the charge, complaint, or report.

17.   Each report required by Paragraph 16, above, shall list the following information:  (a) the full name, last known residential address, last known residential phone number, and job title or position of each individual who made the charge, complaint, or report; (b) the full name, last

known residential address, last known residential phone number, job title or position, and work location of each individual alleged to have discriminated in the charge, complaint, or report; (c) a detailed description of the alleged behavior or conduct that is the subject of the charge, complaint, or report; (d) the date of the charge, complaint, or report; (e) the full name and job title or position of each person who received the charge, complaint, or report and/or who was responsible for investigating the charge, complaint, or report; (f) a detailed description of Defendant's investigation of the charge, complaint or report, including identifying the date(s) of any investigation, all individual(s) interviewed, the substance of such interviews, the date(s) of such interviews, and any documents reviewed or produced during such interviews; (g) the findings of such investigation; and (h) a detailed description and the date(s) of any corrective action(s) that Defendant took in response to the charge, complaint, or report and the findings of its investigation thereof. Defendant shall append to all notifications required by this provision of the Decree any and all non-privileged documents generated or obtained in the course of its investigations, including but not limited to any investigatory reports, memoranda, notes, witness statements, affidavits, or other investigation-related materials.

18.   Upon written request by the Commission, Defendant shall produce any non-privileged documents that are relevant to the subject matter of the reports required by Paragraphs 14 and 16, above. Defendant shall make such production not later than thirty (30) days after Defendant's receipt (via their counsel of record) of the Commission's written request.

## **DISPUTE RESOLUTION AND COMPLIANCE REVIEW**

19.   This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

20.  Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing;

      a.      If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

      b.      Each party shall bear its own expenses, attorney's fees, and costs incurred in connection with such action; and

      c.      Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

## DURATION AND SCOPE OF THE DECREE

21.  All provisions of this Decree shall be in effect for a period of eighteen (18) months immediately following the Effective Date, provided, however, that if, at the end of the eighteen (18) month period, any disputes under Paragraph 20, above, remain unresolved, the duration of the Decree shall be automatically extended until such time as all such disputes have been resolved.

22.  The provisions of this Decree shall apply to Defendant's restaurant located at 1010 Pittsburgh Mills Boulevard, Tarentum, Pennsylvania 15084.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

23.  Defendant acknowledges and agrees to the following:

      a.      EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required by law to do

so, Defendant will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Defendant's EIN is: 59-1219168. The individual to whom EEOC should mail a copy of the form 1098-F, if EEOC is required to issue one is: GMRI, Inc., c/o Seth Rivera, 1000 Darden Center Drive, Orlando, FL 32837;

      b.    EEOC has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

      c.    EEOC's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

      d.    Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC; and

      e.    Defendant is not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

24.    Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

25.    The provisions of this Consent Decree shall be binding upon the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant.

26.    If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

27.    When this Decree requires a report or certification by Defendant of any fact(s), such report or certification shall be made under oath or penalty of perjury.

28.    When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they shall be mailed or electronically transmitted

to: U.S. Equal Employment Opportunity Commission, Pittsburgh Area Office, c/o Gregory A, Murray, Senior Trial Attorney, William S. Moorhead Federal Building, 1000 Liberty Ave. Suite 1112, Pittsburgh, PA 15222, e-mail: gregory.murray@eeoc.gov.

29.     This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

30.     This Decree may be executed in counterparts.

[remainder of page intentionally left blank]

**AGREED BY:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

by RLP per
written
*Debra M. Lawrence* authorization
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 04/08/2024

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
Admitted *pro hac vice*
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
(443) 992-7880 (facsimile)
ronald.phillips@eeoc.gov

Dated: 04/08/2024

**For Defendant GMRI, Inc.:**

THEODORE A. SCHROEDER, Bar No. 80559
tschroeder@littler.com
EMILIE R. HAMMERSTEIN, Bar No. 307499
ehammerstein@littler.com
TAYLOR N. BRAILEY, Bar No. 324308
tbrailey@littler.com

Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7624 / 7631 / 7657

*Counsel for Defendant GMRI, Inc.*

Dated:_____

LINDSAY KOREN
SENIOR VICE PRESIDENT OF ETHICS AND
COMPLIANCE

*Authorized Representative of GMRI, Inc.*

Dated:_____

13

**AGREED BY:**

**For Plaintiff U.S. Equal Employment Opportunity Commission:**

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

_____
DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated:_____


_____
RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
Admitted *pro hac vice*
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
(443) 992-7880 (facsimile)
ronald.phillips@eeoc.gov

Dated:_____

**For Defendant GMRI, Inc.:**

_____
THEODORE A. SCHROEDER, Bar No. 80559
tschroeder@littler.com
EMILIE R. HAMMERSTEIN, Bar No. 307499
ehammerstein@littler.com
TAYLOR N. BRAILEY, Bar No. 324308
tbrailey@littler.com

Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
(412) 201-7624 / 7631 / 7657

*Counsel for Defendant GMRI, Inc.*

Dated:___3/28/2024____

_____
LINDSAY KOREN
SENIOR VICE PRESIDENT OF ETHICS AND
COMPLIANCE

*Authorized Representative of GMRI, Inc.*

Dated:___4/8/2024____

13

**IT IS SO ORDERED:**

_____          _____
DATE                                          HONORABLE J. NICHOLAS RANJAN
                                                     United States District Judge